1. APPEAL AND ERROR (§ 345*)—PROCEEDINGS —WRIT OF ERROR TO COURT OF CIVIL APPEALS—MOTION FOR REHEARING.

The Supreme Court will not refuse a petition for a writ of error because of the failure of the Court of Civil Appeals to act directly upon the motion for the rehearing, which was not filed in time, where the Supreme Court has jurisdiction, and it is sufficiently shown that the failure to file a motion for a rehearing was due to accident or some cause other than the negligence of the applicant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

2. APPEAL AND ERROR (§ 338*)—PROCEEDINGS —ERROR TO COURT OF CIVIL APPEALS—LIMITATION.

It is essential to the jurisdiction of the Supreme Court that the petition for a writ of error be filed in the Court of Civil Appeals within 30 days from the overruling of a motion for a rehearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1879–1882, 3057; Dec. Dig. § 338.*]

3. APPEAL AND ERROR (§ 345*)—PROCEEDINGS —ERROR TO COURT OF CIVIL APPEALS—LIMITATION.

The overruling by the Court of Civil Appeals of a motion for leave to file a motion for rehearing, which was not filed within the time specified, is equivalent to an overruling of the motion for rehearing, and fixes the time from which the period for filing the petition and writ of error begins to run.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1895, 1896; Dec. Dig. § 345.*]

Trespass to try title by John F. Vinson and others, against W. T. Carter & Brother and others. A judgment for defendants was affirmed by the Court of Civil Appeals (161 S. W. 49), and plaintiffs petition for writ of error. Petition dismissed.

V. A. Collins and Lipscomb & Lipscomb, all of Beaumont, for applicant.

PHILLIPS, J.  It is shown by the petition for writ of error that no motion for rehearing was filed in the Court of Civil Appeals within the time prescribed by the statute. It it stated that the failure to file such motion within the proper time was due to an undue and unanticipated delay in its transmission by express. A motion for leave to file the motion for rehearing as of time was overruled by the court on January 8, 1914. A second motion of the same nature was thereupon filed, and overruled on January 22, 1914. The petition for writ of error was filed in the Court of Civil Appeals more than 30 days after the overruling of the first motion for leave to file the motion for rehearing, but within 30 days from the overruling of the second motion.

[1-3] We would not refuse to consider the petition for writ of error, notwithstanding the Court of Civil Appeals had not acted directly upon the motion for rehearing, if we had jurisdiction and were of the opinion that it was sufficiently shown that the failure to duly file the motion for rehearing was due to accident or some cause other than neglect of the applicant. Sams v. Creager, 85 Tex. 497, 22 S. W. 399. It is apparent, however, that we are without jurisdiction. It is essential to the jurisdiction of this court to grant a writ of error that the petition for the writ be filed in the Court of Civil Appeals within 30 days from the overruling of the motion for rehearing. Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279. Where under such circumstances as are shown here the Court of Civil Appeals declines to consider the motion for rehearing, its action in overruling a motion for leave to file it necessarily fixes the time from which the period prescribed for the filing of the petition shall be reckoned, as in such case the overruling of the motion for leave to file amounts to overruling the motion for rehearing. A different rule would permit an extension of the time fixed by the statute for the filing of the petition for. writ of error simply through the filing of successive motions of the same character.

Petition dismissed for want of jurisdiction.

---

SOUTHWESTERN TRACTION CO. v. MELTON.  (No. 5320.)

(Court of Civil Appeals of Texas. Austin.
March 25, 1914.)

APPEAL AND ERROR (§ 635*) — JUDGMENT — FAILURE OF TRANSCRIPT TO CONTAIN JUDGMENT.

Under Rev. St. 1911, art. 2078, authorizing appeals from final judgments, an appeal must be dismissed, where the transcript contains no judgment entered on the verdict, because of want of jurisdiction of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2776–2782, 2829; Dec. Dig. § 635.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by W. I. Melton against the Southwestern Traction Company. There was verdict for plaintiff, and defendant appeals. Dismissed.

G. M. Felts, of Belton, for appellant. Durrett & Dyess and Edmund Heinsohn, all of Temple, for appellee.

JENKINS, J.  This suit was brought by appellee against appellant to recover damages on account of the alleged negligent killing by appellant of a horse belonging to appellee. Notwithstanding it appears from the briefs of the parties and from the record that there was a jury trial resulting in a verdict in behalf of appellee, still the transcript contains no judgment entered thereon, for which reason we have no jurisdiction of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the attempted appeal. See article 2078, R. S. 1911.

It therefore becomes our duty to dismiss the appeal, and it is accordingly so ordered. Appeal dismissed.